IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES L. ROBINSON, #121865, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:14-CV-112-MHT |
| | ) | [WO] |
| | ) | |
| | ) | |
| JOSEPH WOMBLE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by James L. Robinson ["Robinson"], a state inmate, on February 11, 2014.[1]  In this petition, Robinson challenges the constitutionality of his confinement pursuant to sentences imposed upon him by the Circuit Court of Houston County, Alabama on May 4, 1999.  On this date, Robinson entered pleas of guilty to various criminal offenses and the trial court sentenced Robinson to twenty-five years imprisonment as a habitual offender.[2]  In the

---

[1] The Clerk stamped the instant habeas petition "received" on February 21, 2014.  Nevertheless, the law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th  Cir. 1993).  The petition indicates that Robinson presented the petition to prison officials for mailing on February 11, 2014.  *Petition for Habeas Corpus Relief - Doc. No. 1* at 7.  In light of the foregoing and for purposes of this proceeding, the court considers February 11, 2014 as the date of filing.

[2] In *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010), a habeas action in which Robinson presented claims challenging  convictions/sentences entered against him

instant habeas petition, Robinson challenges the terms of the sentences imposed in 1999

and alleges he is incarcerated beyond the end of such sentences as it was his understanding

that the "sentences of May 4, 1999 [would] end with [the sentence imposed for] CC-1988-

125." *Petition for Habeas Corpus Relief - Doc. No. 1* at 5.[3]  Robinson also argues that he

is entitled to receive correctional incentive time deductions under the Alabama

---

on May 4, 1999, the record establishes that on the aforementioned "date, the trial court sentenced Robinson to twenty-five years imprisonment as a habitual offender and did not suspend any portion of the sentences imposed. *Respondents' Exhibit - Court Doc. No. 16-3* at 21, 62-63.  The trial court did, however, order that a portion of the sentences imposed for the challenged convictions run concurrent with other prior convictions [including a 25-year sentence imposed upon Robinson for a burglary conviction in CC-88-125].  *Id*. (Robinson sentenced to imprisonment in the penitentiary for a 'term of 25 years under [Habitual Felony Offender Act], fifteen years thereof to run concurrent with' sentences imposed in previous cases.)." *Robinson v. Reynolds, et al.*, *supra* -- *Recommendation of the Magistrate Judge - Doc. No. 26* at 1-2, adopted as opinion of the court, *Order of April 7, 2010 - Doc. No. 27*.  Absent any order reducing the 25-year sentence imposed by the court in 1988 and without jail credit, this sentence by its express terms expired sometime in mid-2013, a date Robinson identifies as July 5, 2013.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 4-5.  Contrary to the specious arguments presented herein by Robinson, it is clear that the trial court's May 4, 1999 order of concurrent sentences did not negate the ten years remaining on the 1999 sentences upon his service of the 15-year concurrent portion of these sentences.

[3]To the extent Robinson asserts a misunderstanding of the sentences imposed pursuant to his guilty pleas of May 4, 1999, the petition, in essence, presents a challenge to the constitutionality of Robinson's guilty pleas as not knowingly entered due to his lack of understanding the consequences of his pleas. However, there is nothing in any of the records before this court in the numerous civil actions filed by Robinson which indicates that the 1999 sentences were "coterminous" with the 1988 sentence, i.e., the sentences ended at the same time.  Interestingly, in his previous 2008 habeas petition, Robinson did not argue that the 1988 and 1999 sentences terminated at the same time; instead, he alleged that in the 1999 cases the plea agreement proposed and the trial court imposed concurrent sentences of 25 years "with 15 years of the 25 suspended."  *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010) -- *Robinson's Memorandum in Support of Petition for Habeas Corpus Relief - Doc. No. 2* at 14.   In addressing this argument, Judge Edward Jackson explained that in imposing the 1999 sentences he did not suspend any portion of the sentences and merely ordered that the initial 15 years of the sentences run concurrent with each other and various previously imposed sentences.  *Robinson v. Reynolds, et al.*, *supra* -- *Respondents' Exhibit B - Court Doc. No. 16-3* at 21, 62-63.  Thus, Robinson was required to serve the entire 25 years of the 1999 sentences with the first 15 years served concurrently with other sentences.  It is likewise clear from the foregoing that Judge Jackson did not order the 1999 sentences to terminate at the same time as the 1988 sentences.  *Id*.  Under these circumstances, the sentences imposed upon Robinson on May 4, 1999 would expire in 2024.

2

Correctional Incentive Time Act  [the "ACITA"], *Ala. Code* § 14-9-41, *et seq.*[4]

For the reasons which follow, the court concludes that the present petition for habeas corpus relief is due to be denied and this civil action summarily dismissed.

## II.  DISCUSSION

### A.  Styling of Action as 28 U.S.C. § 2241 Habeas Petition

To the extent Robinson seeks review of his claims under 28 U.S.C. § 2241, his petition remains subject to § 2254's restrictions on successive and untimely petitions. "[A]lthough [Robinson's] petition is authorized by § 2241, it is also governed by § 2254 because [Robinson] is 'in custody pursuant to the judgment of a State court.'  28 U.S.C. § 2254(a)."  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032 (2004); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (a § 2241 habeas petition filed by a prisoner in custody pursuant to the judgment of a state court is subject to the procedural restrictions contained in § 2254).  In coming to this conclusion, the Eleventh Circuit determined that "the writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes.  *See* 28 U.S.C. § 2241(a) ('Writs of habeas corpus may be granted . . . .'); 28 U.S.C. § 2254(a) ('[Federal courts] shall entertain an application for a writ of habeas corpus . . . .'). These identical statutory references to

---

[4] The pertinent portion of the ACITA states that "[e]ach prisoner who shall hereafter be convicted of any offense against the laws of the State of Alabama and is confined, in execution of the judgment or sentence upon any conviction, ... other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article *may* be entitled to earn a deduction from the term of his sentence . . . . ***Provided, however, no person may receive the benefits of correctional incentive time if he ... has  received a sentence for more than 15 years in the state penitentiary*** . . . ." *Ala. Code* § 14-9-41(a) and (e) (emphasis added).

'the writ of habeas corpus' must be read as referring to the same remedy. *See Sorenson v. Sec'y of the Treasury*, 475 U.S. 851, 860, 106 S. Ct. 1600, 1606, 89 L. Ed. 2d 855 (1986)." *Medberry*, 351 F.3d at 1059. Thus, "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." *Id*. at 1062.

> Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous. ... To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.
>
> If § 2254 [and its restraints on successive and untimely petitions] were not [also] a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief. All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

*Id.* at 1060-61.

In this § 2241 habeas petition, Robinson attacks the validity of his confinement pursuant to sentences imposed upon him by the Circuit Court of Houston County, Alabama on May 4, 1999. Robinson acknowledges that he is presently in custody pursuant to these sentences. "Section 2254 is triggered where a prisoner is 'in custody pursuant to the

judgment of a State court.' 28 U.S.C. § 2254(a).  [Robinson] is in custody pursuant to the

judgment of the [Alabama] court.  ***Therefore § 2254 applies to [his] petition [and] . . . [he]***

***cannot evade the procedural requirements of § 2254 by filing something purporting to***

***be a § 2241 petition***."  *Thomas*, 371 F.3d at 787 (emphasis added).  In light of the

foregoing, the instant petition is subject to § 2254's procedural restriction barring

successive petitions.

### B.  Arguments and Procedural History

Robinson argues that the terms of the sentence imposed upon him by the trial court

on May 4, 1999 required that he merely serve "15 years of the 25 . . . , to coterminate with

CC-1988-125 [thereby necessitating only service of] the time Robinson had remaining

under CC-1988-125" and "without any jail credit and or any orders of Judge C. Lawson

Little" termination of all sentences occurred on July 5, 2013.  *Petition for Writ of Habeas*

*Corpus Relief - Doc. No. 1 at 4.*[5]  In support of this claim, Robinson alleges that the trial

court in issuing the 1999 sentences could not impose "a 15 year concurrent and a 10 year

consecutive term" in a single sentence and, hence, he was required to serve only the

---

[5]The record in *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010) contains a certified copy of Robinson's motion to request time served filed in his 1988 burglary case.  *Robinson v. Reynolds, et al., supra - Doc. No. 29-2* at 1-2.  In this motion, Robinson argued that he should be awarded credit towards his 25-year burglary sentence for all time served on any conviction thereby rendering his burglary sentence complete with approximately three years remaining on such sentence.  *Id.* Judge Lawson Little granted this motion by a handwritten docket entry in CC-88-185 reducing the sentence in that case to time served thereby terminating the sentence imposed for the 1988 burglary conviction.  *Id.* at 3.  The docket entry, however, did not reference any other convictions or sentences nor did Judge Lawson enter the order in any other case.

concurrent portion of these sentences. *Id*. at 6. Robinson further argues that he is illegally imprisoned "after [being] granted full freedom on January 10, 2010" upon issuance of the order by Judge Little in the 1988 burglary case. *Id*. at 4. Finally, Robinson asserts that he is entitled to correctional incentive time deductions under the provisions of the ACITA. *Id*. 6.

A review of the records of this court establishes that Robinson filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 in which he challenged the convictions and sentences imposed upon him by the Circuit Court of Houston County, Alabama on May 4, 1999. *Robinson v. Reynolds, et al.*, Civil Action No. 1:08-CV-377-MHT-WC (M.D. Ala. 2010). In this prior habeas action, the court denied Robinson relief from his 1999 Houston County convictions/sentences because he failed to file the petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1). Robinson did not appeal this judgment.

Robinson did, however, file a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P., attacking the final judgment of the court. In this motion, Robinson raised the same coterminous sentence argument as presented herein. The District Judge issued an opinion and order denying this motion which reads, in pertinent part, as follows:

> [Robinson's] argument[s] . . . [challenging his incarceration] hinge[] on the following patently erroneous factual assumptions: (1) the 1988 burglary sentence and the 1999 sentences ran concurrently during the entirety of his incarceration on the 1988 sentence, including time served prior to his 1999 convictions; and (2) the order with regard to the 1988 burglary sentence

addressed the 1999 sentences imposed against him . . . .

(The argument[s] . . . [are] likewise without merit as the record demonstrates that only the initial 15 years of the 1999 sentences were to run concurrent with the time Robinson had yet to serve on the 1988 sentence. Furthermore, Robinson served the sentences concurrently only during the time that he was incarcerated pursuant to both the 1988 and 1999 sentences. That is, Robinson was not entitled to credit on his 1999 sentences for time served on the 1988 sentence prior to imposition of the 1999 sentences. Additionally, even allowing Robinson credit for all concurrent time served, once the 1988 sentence terminated, either by actual expiration of the sentence or an order granting time served, the remaining term of the 25-year sentences imposed upon Robinson in 1999 remained in full force and effect. Finally, the order issued with regard to the 1988 burglary sentence granting Robinson's request for time served did not reference or address any other sentence and, therefore, did not impact the remaining time of 25 years of the 1999 sentences.")

*Robinson v. Reynolds, et al.*, *supra -- July 8, 2013 Opinion and Order - Doc. No. 30* at 3-5.

Additionally, in a 42 U.S.C. § 1983 action filed by Robinson seeking relief from his 1999 sentences on the coterminous ground, the court noted that:

[U]nder well established law the [Circuit Court of Houston County, Alabama in imposing sentence upon Robinson in May of 1999] had no authority to "back-date" the commencement of Robinson's 1999 sentences by having these sentences commence the same date as his pre-existing sentence imposed in CC-88-125. First, a criminal defendant's sentence begins to run, at the earliest, upon his being held in custody for the offense in question. *Ala. Code* § 14-4-9 (1975) ("When it is specifically ordered in the judgment entry that sentences shall run concurrently, such sentences shall run from the date on which such convict is received ... for service of the [imposed] sentence."). Moreover, "[a] sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served." *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972); *United States v. Fiores*, 616 F.2d 840, 841 (5th Cir. 1980) (same). Thus, the concurrent sentences imposed against Robinson on May 4, 1999 could not begin to run, concurrently with any prior sentences or otherwise, prior to their imposition.

7

*Robinson v. Moulton, et al.*, Civil Action No. 3:13-CV-766-WHA-WC (M.D. Ala. 2014), *Recommendation of the Magistrate Judge - Doc. No. 4* at 5-6, n.5, adopted as opinion of the court, *Order of January 9, 2014 - Doc. No. 13*.  Consequently, under the precise terms of the sentences imposed by the trial court on May 4, 1999, these sentences began to run on that date and ran concurrently with other prior sentences for only the first 15 years leaving the remaining 10 years to be served consecutively to the other sentences.   As the court previously determined, "Robinson served the [1999 sentences concurrently with the 1988 sentence] only during the time that he was incarcerated pursuant to both the 1988 and 1999 sentences.  That is, Robinson was not entitled to credit on his 1999 sentences for time served on the 1988 sentence prior to imposition of the 1999 sentences.  Additionally, even allowing Robinson credit for all concurrent time served, once the 1988 sentence terminated, either by actual expiration of the sentence or an order granting time served, the remaining term of the 25-year sentences imposed upon Robinson in 1999 remained in full force and effect."  *Robinson v. Reynolds, et al.*, *supra -- July 8, 2013 Opinion and Order - Doc. No. 30* at 4-5.

Robinson likewise filed a previous 28 U.S.C. § 2254 petition for habeas relief alleging entitlement to correctional incentive time credits.  *Robinson v. Deloach, et al.*, Civil Action No. 1:06-CV-1061-MHT-WC (M.D. Ala. 2009).  The court denied the petition on the merits of all claims raised by Robinson.  With respect to Robinson's claim seeking an award of correctional incentive time, the court determined that this claim lacked

8

merit. *Recommendation of the Magistrate Judge - Doc. No. 45* at 10, adopted as opinion of the court, *Order of April 24, 2009 - Doc. No. 48*, appeal dismissed, *September 1, 2009 Entry of Dismissal - Doc. No. 60* ("An inmate has no constitutional right or entitlement to receive incentive time deductions from the term of his sentence nor is any such right created by state law as the granting of such deductions under *Ala. Code* § 14-9-41 is completely discretionary. *Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991) (a statute framed in discretionary terms creates no constitutionally protected interest); *see also Sandin v. Conner*, 515 U.S. 472, 478 (1995).").

### C.  Dismissal of Petition as Successive

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).  Although this court dismissed Robinson's prior habeas action challenging the convictions and resulting sentences imposed against him in May of 1999 on statute of limitations grounds, such dismissal constitutes an adjudication on the merits for the purposes of invoking the second

9

or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Hutcherson v. Riley*, 468 F.3d 750, 755 (11th Cir. 2006) (after failed, untimely § 2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. § 2244(b)" in order to receive requisite authorization from appellate court to file successive habeas petition in district court); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders [any] future petitions under § 2254 challenging the same conviction 'second or successive' petitions . . . ."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims[,]" and, therefore, the petitioner needs the appellate "court's permission to file another petition."); *Villanueva v. United States*, 346 F.3d 55, 59-61 (2d Cir. 2003), *cert. denied* 542 U.S. 928 (2004) ("[A] habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Garrett v. Quarterman*, 2008 WL 2168808 (N.D. Tex. 2008) (dismissal of previous habeas petition as untimely is the type of procedural ruling that renders later-filed habeas petition

10

successive); *Motley v. Sullivan*, 2008 WL 938952 (N.D. Cal. 2008) (when previous habeas petition is dismissed as untimely, petitioner must first obtain permission from appropriate appellate court prior to filing a second or successive petition); *Bridgewater v. Scriben*, 2007 WL 2262760 (S.D. Cal. 2007) (dismissal of prior habeas petition as untimely renders subsequent petition challenging same conviction second or successive); *Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003) (dismissal of petition on limitations grounds "is considered an adjudication of the merits for purposes of determining whether a petition is successive under [28 U.S.C. § 2244(b)].").

It is clear from the pleadings filed herein that Robinson has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application seeking relief from either the 1999 sentences or the denial of correctional incentive time credits. "Because this undertaking [is Robinson's] second habeas corpus petition [on each of these issues] and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied as an unauthorized successive petition and this case summarily dismissed. *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

11

1.  The 28 U.S.C. § 2241 petition for habeas corpus relief filed by James Robinson on February 11, 2014 be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Robinson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.[6]

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 14, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*,

---

[6]The court finds that there are no circumstances present to warrant either a transfer or stay of this case.  *See Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      Done this 28th day of February, 2014.

                        /s/ Wallace Capel, Jr.
                        WALLACE CAPEL, JR.
                        UNITED STATES MAGISTRATE JUDGE